## Heart and Lung Act

JOHN D. KILLIAN, 3D, and FRANK P. LAWLEY, JR., Deputy Attorneys General, and THOMAS D. MCBRIDE, Attorney General, July 10, 1958.—You have requested an opinion from this department interpreting the Heart and Lung Act of June 28, 1935, P. L. 477, as

amended, 53 PS §§637 to 638. Specifically, you present the following questions:

1. May a commissioned officer of the Pennsylvania State Police Force, hereinafter referred to as State Police, who holds an administrative position such as that of a bureau head, district inspector or troop commander, and who suffers a heart attack, recover compensation under the provisions of the Heart and Lung Act?

2. Does section 222 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §82, prohibit a member of the State Police from taking 15 days leave of absence during the calendar year where he has been absent from duty for 90 days by reason of temporary incapacity under the provisions of the Heart and Lung Act?

3. Does section 306 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, limit or vary the liability of the State Police to pay all medical and hospital bills incurred in connection with an injury or disability caused by extreme overexertion in times of stress or danger?

I. The Heart and Lung Act provides that State Police, policemen, firemen and park guards, who are injured in the performance of their duties and temporarily incapacitated from performing their duties, shall be paid their full rate of salary until the disability arising therefrom has ceased, together with all medical and hospital bills incurred in connection with such injuries. The act further provides:

" . . . In the case of the State Police Force and salaried policemen and firemen, the diseases of the heart and tuberculosis of the respiratory system, contracted or incurred by any such member . . . after four years of continuous service as such, and caused by extreme overexertion in times of stress or danger or by ex-

posure to heat, smoke, fumes or gases, arising directly out of the employment of any such member . . . shall be compensable in accordance with the terms hereof . . .

"All payments herein required to be made by the Commonwealth of Pennsylvania shall be made from moneys appropriated to the Pennsylvania State Police": 53 PS §637.

In order for a commissioned officer of the State Police who suffers a heart attack to recover compensation under the Heart and Lung Act, it must be shown that such heart attack evidences or represents some form of disease of the heart and was caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases arising from his employment. This is a question of fact. Thus, the particular circumstances of each case will determine whether the member of the State Police will recover compensation. Normally, one who is in an administrative position, such as that of a bureau head, district inspector or troop commander, would not contract heart disease by exposure to such stress or danger or exposure to such heat, etc. Since compensation under the act is dependent upon the determination of such questions of fact, an administrative officer may show that in a given case he was exposed to such stress or danger as would cause extreme overexertion resulting in heart disease or to such heat, etc., as would cause heart disease. The facts of each particular case will determine whether the activity engaged in by a member of the State Police falls within the provisions and requirements of the act.

II. The Heart and Lung Act provides for compensation "until the disability . . . has ceased". As long as the injury or disability is compensable under the act, no time limit is fixed within which the benefits of the act will cease; nor will absence from regular duty due to temporary incapacity result in a loss of normal sick

leave to a member of the State Police. Section 2 of the act provides:

"No absence from duty of any such policeman or fireman by reason of any such injury shall in any manner be included in any period of sick leave, allowed such policeman or fireman by law or by regulation of the police or fire department by which he is employed": 53 PS §638.

Thus regardless of the duration of the period of temporary incapacity, once the member returns to regular duty he is entitled to his regular period of sick leave.

Section 222 of The Administrative Code of 1929, supra, provides that each employe of an administrative department, independent administrative board or commission or departmental administrative board or commission, shall be entitled, during each calendar year, to 15 days leave of absence with full pay. It is obvious that such vacation time is not affected by any period of temporary incapacity resulting from heart or lung disease caused by extreme overexertion in times of stress or danger. Full time duty is the basis upon which vacation time is earned by an employe of the Commonwealth. Temporary incapacity due to injury or disability in the line of duty is, for these purposes, equivalent to full time duty.

III. The Heart and Lung Act also provides in pertinent part:

". . . All medical and hospital bills incurred in connection with any such injury shall be paid by the Commonwealth of Pennsylvania or by such county, township or municipality. . . .

"All payments herein required to be made by the Commonwealth of Pennsylvania shall be made from moneys appropriated to the Pennsylvania State Police": 53 PS §637.

Section 306 of The Workmen's Compensation Act, supra, provides:

"During the first six months after disability begins, the employer shall furnish reasonable surgical and medical services, medicine and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed four hundred and fifty dollars. . . .": 77 PS §531.

It is our opinion that the provisions of The Workmen's Compensation Act above quoted in no way vary or limit the liability of the State Police under the Heart and Lung Act. The liability of the State Police under the Heart and Lung Act may exceed $450 and may continue beyond a period of six months after disability begins. The provisions of The Workmen's Compensation Act merely limit the amount that is recoverable by the employe from the Workmen's Insurance Fund. This interrelation of The Workmen's Compensation Act and the Heart and Lung Act is made clear by the Heart and Lung Act which provides:

". . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . . any workmen's compensation, received or collected by a member of the State Police Force . . . shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury thereof, and if such payment shall not be so made by the member of the State Police Force . . . the amount so due the Commonwealth of Pennsylvania . . . shall be deducted from any salary then or thereafter becoming due and owing": 53 PS §637.

To sum up our conclusions, we are of the opinion and you are accordingly advised that:

1. A commissioned officer of the Pennsylvania State Police Force who holds an administrative position may recover compensation under the provisions of the

Heart and Lung Act when he suffers a heart attack resulting in disease of the heart caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, such overexertion or exposure arising directly from his employment.

2. The Administrative Code of 1929 does not prohibit a member of the Pennsylvania State Police Force from taking 15 days leave of absence during the calendar year no matter how many days he has been absent from duty under the provisions of the Heart and Lung Act.

3. The Pennsylvania Workmen's Compensation Act does not limit or vary the liability of the Pennsylvania State Police Force to pay all medical and hospital bills incurred in connection with any injury or disability in the nature of heart and lung disease caused by extreme overexertion in times of stress or danger.